UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KAY'S STREET SCENE, INC.                          CIVIL ACTION

VERSUS                                            NO. 06-8193

LAFAYETTE INSURANCE COMPANY                       SECTION B(5)

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand And For Attorneys Fees. (Rec. Doc. No. 2). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED in part** and **DENIED in part.**

### *BACKGROUND*

On or about August 29, 2005, Plaintiff's store sustained significant damage as a result of Hurricane Katrina. Following Hurricane Katrina, looters stole merchandise and vandalized Plaintiff's store. Plaintiff's Lafayette business insurance policy was effective on August 29, 2005.

Plaintiff filed suit against Lafayette Insurance Company ("Lafayette") in the Civil District Court For The Parish Of Orleans. Plaintiff asserts breach of contract and bad faith claims against Lafayette. Defendant removed the matter to federal court and contends federal question jurisdiction exists under the Multiparty, Multiforum Trial Jursidiction Act (MMTJA) pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).

1

Plaintiff contends MMJTA is not applicable. Therefore, Plaintiff claims this Court lacks jurisdiction and moves the Court to remand.

## DISCUSSION

**1.   Jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).**

Defendant contends jurisdiction exists pursuant to 28 U.S.C.§§ 1369 and 1441(e)(1)(B)considering Lafayette Insurance Company was a defendant in the Katrina-related matter *Abadie v. Aegis Security Ins. Co.*, Civ. Action No. 06-5164 (E.D.La. 2006).

28 U.S.C. § 1369(a) provides:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-
>
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3) substantial parts of the accident took place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides:

> [A] defendant in a State court may remove the action to the district court of the United

> States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and/or 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1) to cases arising out of Hurricane Katrina for failure to satisfy the "single accident" requirement.[1] Therefore, 28 U.S.C. §§ 1369 and 1441(e)(1) are inapplicable and jurisdiction does not exist.

---

[1] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

Finding Defendant's basis for removal was objectively reasonable, **IT IS FURTHER ORDERED** that Plaintiff's motion for attorneys fees is **DENIED**.

New Orleans, Louisiana this 27th day of February, 2007.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE